ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 20, 2012

The Honorable Craig D. Caldwell          Opinion No. GA-0978
Cherokee County Attorney
Post Office Box 320                       Re: Whether the Cherokee County Community
Rusk, Texas 75785                         Supervision and Corrections Department may prescribe
                                          a procedure that permits the issuance of checks without
                                          the signature of the county auditor   (RQ-1069-GA)

Dear Mr. Caldwell:

You ask whether the Cherokee County Community Supervision and Corrections Department (the "CSCD") may prescribe a procedure that permits the issuance of checks without the signature of the county auditor.[1]

Section 76.002 of the Government Code requires the "district judge or district judges trying criminal cases in each judicial district and the statutory county court judges trying criminal cases in the county or counties served by the judicial district [to] establish a community supervision and corrections department[.]" TEX. GOV'T CODE ANN. § 76.002(a)(1) (West Supp. 2012). "The judges described by Section 76.002 may appoint for the department a fiscal officer, other than the county auditor." *Id.* § 76.004(c). Among other duties, the fiscal officer "is responsible for . . . prescribing accounting procedures for the department." *Id.* § 76.004(c)(3). One such accounting procedure, prescribed by the CSCD's fiscal officer, provides "for the payment of bills of the CSCD [under] the signature of the Cherokee County Treasurer and for the counter signature to be that of the Director of the CSCD, instead of the County Auditor." Request Letter at 1. You inquire about the validity of this procedure.

The CSCD is a "specialized local entity" under the terms of section 140.003, Local Government Code, which includes in its definition "an adult probation office or department established for a judicial district." TEX. LOC. GOV'T CODE ANN. § 140.003(a)(3) (West 2008). Another portion of section 140.003 states that the "county auditor, if any, of the county that manages a specialized local entity's funds has the same authority to audit the funds of the entity that the auditor has with regard to county funds." *Id.* § 140.003(g). In a prior opinion, this office concluded

---

[1]Letter from Honorable Craig D. Caldwell, Cherokee Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. (June 7, 2012), http://texasattorneygeneral.gov ("Request Letter").

that a probation department's funds must be deposited in the county depository and that the county auditor is required to countersign a check or warrant drawn on those funds, as provided by section 113.043 of the Local Government Code. *See* Tex. Att'y Gen. Op. No. DM-257 (1993) at 3–5, 8. In reaching this conclusion, the Attorney General stated that subsection 140.003(f) "incorporates the requirements of sections 111.092[2] and 113.043 of the Local Government Code and makes them generally applicable to payments made by specialized local entities." *Id.* at 5 (footnotes deleted). Attorney General Opinion DM-257 (1993) is directly applicable to the situation you pose.

Neither section 76.004 nor any other provision of chapter 76 of the Government Code defines the "accounting procedures" that the fiscal officer of the CSCD may prescribe. *See* TEX. GOV'T CODE ANN. §§ 74.001–.018 (West 2008 & Supp. 2012). Section 113.043 of the Local Government Code, however, makes clear that the county auditor may not be removed from the process of paying checks or warrants:

> In a county with a county auditor, the county treasurer and the county depository may not pay a check or order for payment unless it is countersigned by the county auditor to validate it as a proper and budgeted item of expenditure.

TEX. LOC. GOV'T CODE ANN. § 113.043 (West Supp. 2012). Section 76.004 does not create an exception to this clear statutory rule.

As was the case in Attorney General Opinion DM-257 (1993), whatever the scope of the "accounting procedures" that the fiscal officer of the CSCD may prescribe, they may not include a directive that removes the county auditor from the process of countersigning checks or warrants.

---

[2]Section 111.092 provides that "[t]he county auditor shall oversee the warrant process to ensure that the expenses of any department do not exceed budget appropriations for the department." TEX. LOC. GOV'T CODE ANN. § 111.092 (West 2008).

## S U M M A R Y

Whatever the scope of the "accounting procedures" that the fiscal officer of the Cherokee County Supervision and Corrections Department may prescribe, they may not include a directive that removes the county auditor from the process of countersigning checks or warrants.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee